# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TONYA LUKIC, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 2:11-cv-02706-JPM-dkv |
| EISAI CORPORATION OF NORTH | ) |
| AMERICA, INC., d/b/a EISAI, | ) |
| INC., | ) |
| | ) |
|     Defendant. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

Before the Court is Plaintiff's Motion for Extension of Time to File Notice of Appeal (the "Motion"), which was filed on February 26, 2013.[1] (ECF No. 66.) In the Motion, Plaintiff requests a thirty-day extension of time to file a notice of appeal regarding the Court's January 28, 2013, Order Granting Defendant's Motion for Summary Judgment (the "Order") (ECF No. 62). (See id. ¶¶ 1, 5.)

On February 27, 2013, Plaintiff filed a pro se Notice of Appeal regarding the Order (the "Notice"). (ECF No. 68.) In the Notice of Appeal, Plaintiff states that she "hereby appeals to the United States Court of Appeals for the Sixth Circuit from a final Order granting summary judgment to defendant on all

---

[1] On February 26, 2013, Plaintiff also filed a Notice of Correction (ECF No. 67) referring to the Motion. The Notice of Correction is actually a proposed order granting Plaintiff's Motion and does not make any corrections to the Motion. (See id.)

issues" that "was entered in this action on the 28th day of January, 2013." (Id.)

Plaintiff indicates in the Notice that she would still like the Court to grant the Motion:

> A request for extension of time to file the Notice of Appeal is pending before the Court. Despite my timely filing of this Notice, I respectfully request [sic] the Court grant me a thirty (30) [sic] extension so that I have an opportunity to retain counsel, obtain my file from the firm previously handling this matter, and meet all subsequent deadlines. Should the extension be granted, I will file a subsequent Notice of Appeal within the time limit permitted by the Court and I will withdraw the filing of this Notice.

(Id.)

Finally, in the Notice, Plaintiff "request[s] that the filing fee paid to the Clerk upon the filing of this Notice be applied toward the filing of a subsequent or amended Notice." (Id.)

The Court addresses, in turn, its jurisdiction over the Motion, the merits of the Motion, and Plaintiff's request regarding the filing fee.

## I. The Court Has Jurisdiction Over the Motion.

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Taylor v. KeyCorp, 680 F.3d 609, 616 (6th Cir. 2012). "Following the

filing of a notice to appeal, the district court does retain jurisdiction to . . . proceed with matters that are in aid of the appeal." Id. at 616 n.8. "The distinction, although sometimes blurred, is between actions that merely aid the appellate process and actions that alter the case on appeal." Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1013 (6th Cir. 2003).

In her Notice of Appeal, Plaintiff gives notice that she is appealing the Order, which is also the subject of her Motion. (See ECF No. 66 ¶¶ 1, 5; ECF No. 68.) Plaintiff, who filed the Notice pro se, "requests a 30 day extension in order to obtain her file from her prior counsel, retain new counsel, and [re-]file the Notice of Appeal." (ECF No. 66.) The Court finds that acting on the Motion is an "action[] that merely aid[s] the appellate process" and not an "action[] that [would] alter the case on appeal." See Inland Bulk Transfer Co., 332 F.3d at 1013.

The Court, therefore, finds that it has jurisdiction over the Motion.

**II. The Court Grants the Motion for Good Cause Shown.**

Federal Rule of Appellate Procedure ("Rule") 3(a)(1) states that, "[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by

3

Rule 4." 6 Cir. R. 3(a)(1). Rule 4(a)(1)(A) states that, "[i]n a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." 6 Cir. R. 4(a)(1)(A). Rule 4(a)(5) states:

> (5) Motion for Extension of Time.
>   (A) The district court may extend the time to file a notice of appeal if:
>     (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>     (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>   (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>   (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

6 Cir. R. 4(a)(5).

Plaintiff's Motion is timely. The Order appealed was entered on January 28, 2013, and Plaintiff's Motion was filed twenty-nine days after that date, on February 26, 2013, which is before the expiration of the time to file a notice of appeal prescribed by Rule 4(a). 6 Cir. R. 4(a)(1)(A). Plaintiff's Motion, therefore, is necessarily timely pursuant to Rule

4(a)(5) because it was "no later than 30 days after the time prescribed by this Rule 4(a) expires." 6 Cir. R. 4(a)(5)(A)(i).

Plaintiff has shown good cause. See 6 Cir. R. 4(a)(5)(A)(ii). Plaintiff may show good cause as a reason for granting the Motion because the Motion was filed before the expiration of the initial appeal period. Curry v. Eaton Corp., 400 F. App'x 51, 56 (6th Cir. 2010) (citing Zack v. United States, 133 F.3d 451, 453 n.1 (6th Cir. 1998)) (interpreting Rule 4(a)(5) and stating that "showings of 'good cause' are relevant only when the motion is filed before the expiration of the initial appeal period."); see supra p. 4. Under Rule 4(a)(5), "[g]ood cause will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." Nicholson v. City of Warren, 467 F.3d 525, 526 (6th Cir. 2006); see also Douglas v. Swing, 482 F. App'x 988, 989 (6th Cir. 2012) (per curiam). Plaintiff states in the Motion, and supports by affidavit, that "[t]he firm representing Plaintiff has withdrawn its representation and has not yet copied and/or delivered the voluminous file to Plaintiff." (ECF No. 66 ¶ 3; see also Mem. in Supp., ECF No. 66-1, at 1; Lukic Aff. ¶¶ 5, 7.) The Court finds that withdrawal of counsel, and not receiving the case file, constitute "forces beyond the control of the appellant [that] prevented her from filing a timely notice of appeal." Nicholson, 467 F.3d at 526.

5

This Court may grant Plaintiff's Motion ex parte because it was "filed before the expiration of the time prescribed in Rule 4(a)(1)." 6 Cir. R. 4(a)(5)(B); see supra p. 4. This Court may grant an extension of time of up to thirty-days. See 6 Cir. R. 4(a)(5)(C).

For the reasons stated above, Plaintiff's Motion for Extension of Time to File Notice of Appeal (ECF No. 66) is GRANTED.

The Court, therefore, ORDERS that Plaintiff shall have up to and including Friday, March 29, 2013,[2] to file her notice of appeal regarding the Court's January 28, 2013, Order Granting Defendant's Motion for Summary Judgment (ECF No. 62).

**III. Plaintiff's Request Regarding the Filing Fee for the Notice of Appeal Was Not Filed Properly.**

Plaintiff's request in the Notice that "the filing fee paid to the Clerk upon the filing of this Notice be applied toward the filing of a subsequent or amended Notice" must be made by motion. See Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion.")

Plaintiff may file a motion in accordance with Rule 7(b) requesting that the Court take that action.

---

[2] In her Motion, Plaintiff states that she "requests a 30 day extension" and "requests that the new deadline for filing the Notice of Appeal be set on March 26, 2013." (ECF No. 66 at 1, 2.) Thirty days from the filing deadline pursuant to Rule 4(a)(1), which is February 27, 2013, however, is March 29, 2013. The Court assumes that Plaintiff wanted a thirty-day extension and simply miscalculated the resulting final-deadline date.

**IV. Conclusion**

For the reasons stated above, Plaintiff's Motion for Extension of Time to File Notice of Appeal (ECF No. 66) is GRANTED.

The Court, therefore, ORDERS that Plaintiff shall have up to and including Friday, March 29, 2013, to file her notice of appeal regarding the Court's January 28, 2013, Order Granting Defendant's Motion for Summary Judgment (ECF No. 62).

**IT IS SO ORDERED,** this 28th day of February, 2013.

/s/ Jon P. McCalla
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE